■ In the Matter of the Claim of DOMINICK ROCCO, Respondent, against RAPHAEL COPPOLA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Motion to dismiss appeal granted, by default, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.

■ SANTA'S WORKSHOP, INC., Respondent, v. JOSEPH STERLING, Doing Business as STERLING ALASKA FUR & GAME FARMS, Appellant.— Motion by appellant to stay the injunctive provisions of the judgment granted on condition that appellant serve and file the record on appeal and serve on respondent a typewritten copy of its brief on or before March 15, 1956, and be ready for argument at the March Term. Respondent's brief may be filed in accordance with directions to be given by the court on the argument. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.

■ In the Matter of the Claim of WALTER NEWMAN, Respondent, against UNION CUTLERY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by carrier and employer from an award of the Workmen's Compensation Board which allowed claimant compensation for total and permanent disability. It is not questioned that claimant suffered an industrial accident which necessitated amputation of his left leg, resulting in 100% loss of use thereof. As a result of complications arising from the amputation, claimant suffered a total loss of vision of his left eye because of a destroyed retina. Appellants do not question his previous schedule awards for the total loss of each of these two members, but question the subsequent award for total permanent disability on the theory that claimant is able to return to work at a job which he may perform while seated. In support of this there is medical evidence that the loss of claimant's leg would not prevent him from performing a job while seated. The record does not disclose, however, that the doctor who gave this medical testimony gave any consideration to claimant's total loss of vision in the left eye and a weakened vision, because of overstrain, in the right eye. There is also evidence by the plant manager where claimant was previously employed that he had offered him a job, but that claimant did not appear to accept it. However, the plant manager (manager for one of the appellants), when asked if he would hire this particular man, said: "No, I doubt it." Subdivision 1 of section 15 of the Workmen's Compensation Law provides, in part: "Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability." Claimant's condition clearly brings him within this section as suffering permanent total disability "in the absence of conclusive proof to the contrary". "Conclusive proof" are strong words, and while there may be some evidence to the contrary, it falls short of the legislative mandate of "conclusive proof". At least the Workmen's Compensation Board could decide as a fact that the evidence to the contrary was not conclusive, which is implicit in the board's finding that claimant did suffer permanent total disability. This record is adequate to support such a finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.